1802

PHILIP TAFELSKI, Respondent-Appellant, v BUFFALO CITY CEMETERY, INC., Appellant-Respondent. [891 NYS2d 779]—

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained while working on the decking for the roof of a mausoleum. At the time of the accident, plaintiff was standing on the scaffold that was erected in the interior of the mausoleum and was adjusting clamps to a header beam. Plaintiff's coworker was standing above plaintiff on the partially constructed roof, laying plywood panels on the joists that were on the scaffold. When plaintiff's coworker dropped a plywood panel into place over the area where plaintiff was working, the plywood either struck plaintiff in the head or jarred the scaffold, causing plaintiff to lose his balance and to slip several rungs down the scaffold. Defendant moved for summary judgment dismissing the complaint, and plaintiff cross-moved for partial summary judgment on liability with respect to the Labor Law § 240 (1) cause of action. Plaintiff consented to the dismissal of the common-law negligence cause of action, the Labor Law § 200 claim, and the Labor Law § 241 (6) claim except insofar as it is based on the alleged violation of 12 NYCRR 23-1.7 (a). Supreme Court otherwise denied the motion and cross motion.

Addressing first plaintiff's cross appeal, we agree with plaintiff that the court erred in denying his cross motion, and we therefore modify the order accordingly. In support of his cross motion, plaintiff established that he was not furnished with appropriate safety devices within the meaning of Labor Law § 240 (1) and that the absence of such devices was a proximate cause of his injuries (*see Campuzano v Board of Educ. of City of N.Y.*, 54 AD3d 268, 269 [2008]; *Partridge v Waterloo Cent. School Dist.*, 12 AD3d 1054, 1055 [2004]; *Spaulding v Metropolitan Life Ins. Co.*, 271 AD2d 316 [2000]; *see generally Felker v Corning Inc.*, 90 NY2d 219, 223-225 [1997]). Contrary to defendant's contention, the work involved an elevation-related risk and not a usual and ordinary risk of a construction site "to which the 'extraordinary protections of Labor Law § 240 (1) [do not] extend' " (*Cohen v Memorial Sloan-Kettering Cancer Ctr.*, 11 NY3d 823, 825 [2008]), and the scaffold failed to protect plaintiff from falling while he was working at a height (*cf. Melber v 6333 Main St.*, 91 NY2d 759, 763 [1998]).

We agree with defendant on its appeal that the court erred in denying that part of its motion with respect to the Labor Law § 241 (6) claim insofar as it is based on the alleged violation of 12 NYCRR 23-1.7 (a), and we therefore further modify the order accordingly. In support of its motion, defendant established that 12 NYCRR 23-1.7 (a) is not applicable to the facts of this case because the worksite was not " 'normally exposed to falling material or objects' " (*Marin v AP-Amsterdam 1661 Park LLC*, 60 AD3d 824, 826 [2009]; *see Sears v Niagara County Indus. Dev. Agency*, 258 AD2d 918, 918-919 [1999]). The plywood panel did not constitute a falling object inasmuch as plaintiff's coworker intended to drop the panel in order to place it on the joists above plaintiff. Present—Scudder, P.J., Hurlbutt, Smith and Centra, JJ.