# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**818**
**CA 10-02385**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

JOHN W. KARCZ, JR. AND JENNIFER KARCZ,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

KLEWIN BUILDING COMPANY, INC., E&F/WALSH
BUILDING COMPANY, LLC, DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.
-----------------------------------------------
KLEWIN BUILDING COMPANY, INC., THIRD-PARTY
PLAINTIFF-APPELLANT,

V

MADER CONSTRUCTION COMPANY, INC., THIRD-PARTY
DEFENDANT-RESPONDENT.

---

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (MICHAEL T.
FEELEY OF COUNSEL), FOR DEFENDANTS-APPELLANTS AND THIRD-PARTY
PLAINTIFF-APPELLANT.

HISCOCK & BARCLAY, LLP, BUFFALO (DAVID M. HEHR OF COUNSEL), FOR
THIRD-PARTY DEFENDANT-RESPONDENT.

PAUL WILLIAM BELTZ, P.C., BUFFALO (DEBRA A. NORTON OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Niagara County (Ralph
A. Boniello, III, J.), entered August 5, 2010 in a personal injury
action. The order granted the motion of plaintiffs for partial
summary judgment pursuant to Labor Law § 240 (1), denied in part and
granted in part the cross motion of defendants Klewin Building
Company, Inc. and E&F/Walsh Building Company, LLC for summary judgment
against plaintiffs and denied that part of the cross motion seeking
summary judgment against third-party defendant Mader Construction
Company, Inc.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting those parts of the cross
motion of defendant-third party plaintiff Klewin Building Company,
Inc. and defendant E&F/Walsh Building Company, LLC seeking summary
judgment dismissing the Labor Law § 241 (6) claim against them in its
entirety and the Labor Law § 200 and common-law negligence claims
against them, and dismissing those claims against them, and as

modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by John W. Karcz, Jr. (plaintiff) when a truss he had lifted overhead onto the aerial platform of a scissor lift fell on him at a construction project at the Seneca Niagara Casino. Plaintiffs moved for partial summary judgment on the Labor Law § 240 (1) claim against defendant-third-party plaintiff Klewin Building Company, Inc. (Klewin) and defendant E&F/Walsh Building Company, LLC (collectively, defendants), and defendants cross-moved for, inter alia, summary judgment dismissing the complaint against them and for common-law and contractual indemnification against third-party defendant, Mader Construction Company, Inc. (Mader), plaintiff's employer. Supreme Court granted plaintiffs' motion and granted only that part of defendants' cross motion with respect to specified sections of Labor Law § 241 (6), leaving intact the Labor Law § 241 (6) claim insofar as it alleges the violation of 12 NYCRR 23-6.1 (d).

Initially, we reject defendants' contention that Labor Law vicarious liability provisions do not apply in this case because plaintiff sustained the injury on an Indian reservation, i.e., that of the Seneca Nation. As correctly acknowledged by defendants, state laws may apply on reservations "unless such application would interfere with reservation self-government or would impair a right granted or reserved by federal law" (*Mescalero Apache Tribe v Jones*, 411 US 145, 148; *see White Mtn. Apache Tribe v Bracker*, 448 US 136, 142-143). This action is between non-Indians, however, and does not implicate the internal affairs of the Seneca Nation (*see Seneca v Seneca*, 293 AD2d 56, 58-59). Indeed, the locus of the alleged tort is the Seneca Nation's sole connection to this action, and thus that connection is merely tangential. The court therefore did not violate the Seneca Nation's right to self-government by exercising jurisdiction over this dispute (*see Alexander v Hart*, 64 AD3d 940, 941-942).

Furthermore, the laws of the Seneca Nation, i.e., the Seneca Nation of Indians Peacemakers' Court and Surrogate's Court Civil Procedure Rules (Court Rules), cede jurisdiction to New York under the circumstances of this action, thus belying defendants' contention that the application of New York law would infringe on the Indian reservation's self-government. Specifically, the Court Rules direct that the Seneca Nation "shall not" assume jurisdiction in an action such as this, in which the rights of the Seneca Nation or its members are not directly affected and another forum for resolution of the dispute exists.

With respect to the merits, we conclude that the court properly granted plaintiffs' motion for partial summary judgment on liability with respect to the Labor Law § 240 (1) claim. The truss fell and struck plaintiff because of the absence or inadequacy of a safety device of the kind enumerated in Labor Law § 240 (1) (*see Jock v Landmark Healthcare Facilities, LLC*, 62 AD3d 1070, 1071-1072; *Ullman v Musall*, 306 AD2d 813). Thus, "the harm [to plaintiff] flow[ed]

directly from the application of the force of gravity" (*Runner v New York Stock Exch., Inc*., 13 NY3d 599, 604). We reject defendants' contention that plaintiff's actions were the sole proximate cause of the accident. Rather, those actions, insofar as plaintiff may have moved toward the falling truss in an attempt to prevent it from falling, raise "at most, an issue of comparative negligence," which is not an available defense under section 240 (1) (*Dean v City of Utica*, 75 AD3d 1130, 1131).

We agree with defendants, however, that the court erred in denying that part of their cross motion seeking summary judgment dismissing the Labor Law § 241 (6) claim against them in its entirety, and we therefore modify the order accordingly. Defendants established as a matter of law that 12 NYCRR 23-6.1 (d) is inapplicable to the facts of this case, and plaintiffs failed to raise a triable issue of fact (*see McCormick v 257 W. Genesee, LLC*, 78 AD3d 1581, 1582). Section 23-6.1 (a) provides in relevant part that "[t]he general requirements of this Subpart shall apply to all material hoisting equipment *except . . . aerial baskets*" (emphasis added), and the lift that was used in this case constituted an aerial basket (*see* 12 NYCRR 23-1.4 [b] [2]).

We also agree with defendants that the court erred in denying those parts of their cross motion seeking summary judgment dismissing the Labor Law § 200 and common-law negligence claims against them, and we therefore further modify the order accordingly. Defendants established as a matter of law that they did not have the authority to exercise supervisory control over plaintiff's work and that they neither created nor had actual or constructive notice of the allegedly dangerous condition that caused the accident, and plaintiffs failed to raise a triable issue of fact in opposition (*see Talbot v Jetview Props., LLC*, 51 AD3d 1396, 1397).

Lastly, the court properly denied that part of the cross motion seeking indemnification for Klewin against Mader, inasmuch as that part of the cross motion is premature at this juncture of the litigation. The antisubrogation rule bars Klewin's third-party action inasmuch as Mader and Klewin were insured under the same primary and excess policies (*see generally ELRAC, Inc. v Ward*, 96 NY2d 58, 76, *rearg denied* 96 NY2d 855), except to the extent that Klewin seeks indemnification for amounts in excess of the coverage afforded by the policies at issue (*see Bruno v Price Enters*., 299 AD2d 846, 848). Although Klewin contends on appeal that the excess carrier has not agreed to indemnify Klewin for amounts in excess of the primary policy, there is no support in the record for that contention and in any event, as we have noted, any issue with respect thereto is premature at this juncture of the litigation.

Entered:  June 10, 2011                    Patricia L. Morgan
                                           Clerk of the Court