# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

394
CA 11-01319
PRESENT: SMITH, J.P., CARNI, LINDLEY, AND SCONIERS, JJ.


JUSTIN A. JOHN,
PLAINTIFF-RESPONDENT-APPELLANT,

V                                                    MEMORANDUM AND ORDER

KLEWIN BUILDING COMPANY, INC.,
DEFENDANT-APPELLANT-RESPONDENT.


DAMON MOREY LLP, BUFFALO (THOMAS J. DRURY OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT.

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR
PLAINTIFF-RESPONDENT-APPELLANT.

--------------------------------------------------------------------------------------------------------------

Appeal and cross appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered March 4, 2011 in a personal injury action. The order, among other things, denied defendant's cross motion for summary judgment dismissing the amended complaint and plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) claim.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of defendant's cross motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims and dismissing those claims, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell from a roof at a construction project for the Seneca Niagara Casino. Defendant appeals from an order that, inter alia, denied its cross motion for summary judgment dismissing the amended complaint, and plaintiff cross appeals from the order insofar as it denied his motion for partial summary judgment on the Labor Law § 240 (1) claim.

We reject defendant's contention on appeal "that Labor Law vicarious liability provisions do not apply in this case because plaintiff sustained the injury on an Indian reservation, i.e., that of the Seneca Nation" (*Karcz v Klewin Bldg. Co., Inc.*, 85 AD3d 1649, 1650). We agree with defendant, however, that Supreme Court erred in denying those parts of its cross motion seeking summary judgment dismissing the Labor Law § 200 and common-law negligence claims, and we therefore modify the order accordingly. Defendant established as a matter of law that it did not have the authority to supervise or

control the methods and manner of plaintiff's work (*see Ortega v Puccia*, 57 AD3d 54, 61-63; *Wade v Atlantic Cooling Tower Servs., Inc.*, 56 AD3d 547, 549-550), and plaintiff failed to raise a triable issue of fact sufficient to defeat those parts of the cross motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Contrary to defendant's further contention on appeal, we conclude that the court properly denied that part of its cross motion seeking summary judgment dismissing the Labor Law § 241 (6) claim, which was based on alleged violations of 12 NYCRR 23-1.7 (d) and 12 NYCRR 23-1.24.  Even assuming, arguendo, that defendant met its initial burden on that part of the cross motion, plaintiff raised triable issues of fact whether "work [was] to be performed" on the roof surface from which plaintiff fell (*see* 12 NYCRR 23-1.24 [a] [1] [i]), whether the roof surface had "a slope steeper than one in four inches" (*id*.), and whether the sloped roof surface was wet and thus failed "to provide safe footing" (12 NYCRR 23-1.7 [d]).

We reject defendant's contention on appeal that the court erred in denying that part of its cross motion seeking summary judgment dismissing the Labor Law § 240 (1) claim on the ground that plaintiff's conduct was the sole proximate cause of his injuries.  We also reject plaintiff's contention on his cross appeal that the court erred in denying his motion seeking partial summary judgment on that claim.  Triable issues of fact exist whether, before the accident and on the date thereof, plaintiff was specifically instructed to work only on the flat roof and not to work on the sloped roof surface from which he fell, and thus it cannot be determined as a matter of law whether plaintiff's decision to climb onto the sloped roof surface was the sole proximate cause of his injuries (*cf. Serrano v Popovic*, 91 AD3d 626, 627).

Entered:  April 27, 2012                    Frances E. Cafarell
                                            Clerk of the Court