**SUPREME COURT OF THE STATE OF NEW YORK**
*Appellate Division, Fourth Judicial Department*

**719**

**CA 12-00053**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

JAKE K. HILL, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

SENECA NATION OF INDIANS, ET AL., DEFENDANTS,
AND SENECA CONCRETE AND PAVING CO., LLC,
DEFENDANT-RESPONDENT.

---

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (JOHANNA M.
HEALY OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Kevin M.
Dillon, J.), entered April 6, 2011 in a personal injury action.  The
order, insofar as appealed from, granted that part of the motion of
defendant Seneca Concrete and Paving Co., LLC seeking dismissal of
plaintiff's second and third causes of action.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, the motion of
defendant-respondent is denied in part and the second and third causes
of action against it are reinstated.

Memorandum:  Plaintiff commenced this action to recover damages
for injuries he sustained while working on a construction project on
property owned by defendant Seneca Nation of Indians (Seneca Nation).
The injury occurred when a trench in which plaintiff was working
collapsed on him.  Plaintiff was employed by a contractor hired by the
general contractor, defendant-respondent (defendant), a New York
corporation.  Supreme Court granted defendant's pre-answer motion to
dismiss the complaint against it insofar as it asserted causes of
action for breach of contract and the violation of Labor Law §§ 200,
240 (1) and § 241 (6), i.e., the first through third and fifth causes
of action.  Plaintiff conceded that his section 240 (1) cause of
action should be dismissed and, as limited by his brief, he contends
on appeal only that the court erred in granting the motion with
respect to the causes of action under sections 200 and 241 (6), thus
abandoning the breach of contract cause of action (*see Ciesinski v
Town of Aurora*, 202 AD2d 984, 984).  Plaintiff contends that
defendant, a non-Indian entity, "cannot avoid [its] obligations under
New York law by hiding behind tribal sovereignty," while defendant
contends that tribal law rather than New York law applies because the
accident occurred on the Seneca Nation's sovereign land, and tribal

law does not provide for vicarious liability for property owners and general contractors.  We agree with plaintiff.

This appeal is governed by our decisions in *Karcz v Klewin Bldg. Co., Inc.* (85 AD3d 1649) and *John v Klewin Bldg. Co., Inc.* (94 AD3d 1502), both of which were issued after the court granted defendant's motion.  In *Karcz*, we rejected the defendants' contention that tribal law rather than New York law applied to a Labor Law action arising from a construction accident that occurred on land owned by the Seneca Nation.  We held that, because "the locus of the alleged [malfeasance] is the Seneca Nation's sole connection to this action," that connection was "merely tangential," and thus Supreme Court "did not violate the Seneca Nation's right to self-government by exercising jurisdiction over th[e] dispute" (*id.* at 1650).

Defendant contends on appeal that *Karcz* is distinguishable because, unlike in this case, the injured plaintiff was not a Native American.  In *John*, however, the plaintiff was in fact a member of the Seneca Nation, and we held that *Karcz* applied, thereby establishing that the plaintiff's status as a Native American is not dispositive of the issue before us.  None of defendant's remaining contentions leads us to conclude that tribal law, rather than New York law, should apply to this case.

Entered:  June 15, 2012                                  Frances E. Cafarell
                                                         Clerk of the Court