Appeal from an order of the Supreme Court, Erie County *1594 (Kevin M. Dillon, J.), entered April 6, 2011 in a personal injury action. The order, insofar as appealed from, granted that part of the motion of defendant Seneca Concrete and Paving Co., LLC seeking dismissal of plaintiff’s second and third causes of action.
It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion of defendant-respondent is denied in part and the second and third causes of action against it are reinstated.
Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained while working on a construction project on property owned by defendant Seneca Nation of Indians (Seneca Nation). The injury occurred when a trench in which plaintiff was working collapsed on him. Plaintiff was employed by a contractor hired by the general contractor, defendant-respondent (defendant), a New York corporation. Supreme Court granted defendant’s pre-answer motion to dismiss the complaint against it insofar as it asserted causes of action for breach of contract and the violation of Labor Law §§ 200, 240 (1) and § 241 (6), i.e., the first through third and fifth causes of action. Plaintiff conceded that his section 240 (1) cause of action should be dismissed and, as limited by his brief, he contends on appeal only that the court erred in granting the motion with respect to the causes of action under sections 200 and 241 (6), thus abandoning the breach of contract cause of action (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [1994]). Plaintiff contends that defendant, a non-Indian entity, “cannot avoid [its] obligations under New York law by hiding behind tribal sovereignty,” while defendant contends that tribal law rather than New York law applies because the accident occurred on the Seneca Nation’s sovereign land, and tribal law does not provide for vicarious liability for property owners and general contractors. We agree with plaintiff.
This appeal is governed by our decisions in Karcz v Klewin Bldg. Co., Inc. (85 AD3d 1649 [2011]) and John v Klewin Bldg. Co., Inc. (94 AD3d 1502 [2012]), both of which were issued after the court granted defendant’s motion. In Karcz, we rejected the defendants’ contention that tribal law rather than New York law applied to a Labor Law action arising from a construction accident that occurred on land owned by the Seneca Nation. We held that, because “the locus of the alleged [malfeasance] is the Seneca Nation’s sole connection to this action,” that connection was “merely tangential,” and thus Supreme Court “did not violate the Seneca Nation’s right to self-government by exercising jurisdiction over th[e] dispute” (id. at 1650).
*1595 Defendant contends on appeal that Karcz is distinguishable because, unlike in this case, the injured plaintiff was not a Native American. In John, however, the plaintiff was in fact a member of the Seneca Nation, and we held that Karcz applied, thereby establishing that the plaintiffs status as a Native American is not dispositive of the issue before us. None of defendant’s remaining contentions leads us to conclude that tribal law, rather than New York law, should apply to this case. Present— Scudder, P.J., Centra, Peradotto, Carni and Lindley, JJ.