■ Nube Godoy, Respondent, v Neighborhood Partnership Housing Development Fund Company, Inc., et al., Defendants, and Crest Contracting, Inc., Defendant/Third-Party Plaintiff. 2R Construction Corporation, Third-Party Defendant-Appellant. [961 NYS2d 220]—

In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated January 30, 2012, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and denied that branch of its cross motion which was for summary judgment dismissing that cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability on

the cause of action alleging a violation of Labor Law § 240 (1), and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff was a demolition worker employed by the third-party defendant to work on a demolition project. While picking up demolition debris on the first floor of a building, the plaintiff allegedly sustained injuries when the floor collapsed beneath her, and she fell to the floor of the basement below. The plaintiff subsequently commenced this action, alleging, inter alia, a violation of Labor Law § 240 (1), and moved for, among other things, summary judgment on the issue of liability on that cause of action. The third-party defendant, among others, cross-moved, inter alia, for summary judgment dismissing that cause of action.

Labor Law § 240 (1) imposes a nondelegable duty upon owners and general contractors to provide safety devices to protect workers from elevation-related risks (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993]; *Barr v 157 5 Ave., LLC*, 60 AD3d 796 [2009]). "To impose liability pursuant to Labor Law § 240 (1), there must be a violation of the statute and that violation must be a proximate cause of the plaintiff's injuries" (*Tama v Gargiulo Bros., Inc.*, 61 AD3d 958, 960 [2009]; *see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]). "Where there is no statutory violation, or where the plaintiff is the sole proximate cause of his or her own injuries, there can be no recovery under Labor Law § 240 (1)" (*Treu v Cappelletti*, 71 AD3d 994, 997 [2010]).

Here, the plaintiff demonstrated, prima facie, her entitlement to judgment as a matter of law on the issue of liability pursuant to Labor Law § 240 (1) by submitting evidence that the floor where her accident occurred was unstable and that she was not provided with any safety devices despite the potential elevation risks involved (*see Robertti v Powers Chang*, 227 AD2d 542, 543 [1996]; *see generally Balladares v Southgate Owners Corp.*, 40 AD3d 667, 669-670 [2007]).

However, in opposition, the third-party defendant raised a triable issue of fact by submitting an affidavit of its co-owner, who was supervising the work site at the time of the plaintiff's accident. In his affidavit, the co-owner stated that the area where the plaintiff fell had been cordoned off because the floor was unstable, and, moreover, that he had specifically told the plaintiff several times not to enter the restricted area; the last time he told her was 30 minutes before the accident. Accordingly, a triable issue of fact exists as to whether the plaintiff's

actions were the sole proximate cause of her alleged injuries (*see John v Klewin Bldg. Co., Inc.*, 94 AD3d 1502, 1503-1504 [2012]; *Serrano v Popovic*, 91 AD3d 626, 627-628 [2012]). Therefore, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

Nevertheless, the Supreme Court properly denied that branch of the third-party defendant's motion which was for summary judgment dismissing that cause of action. During her deposition, the plaintiff denied that an area of the work site had been cordoned off and that she had been warned not to enter. Thus, the trier of fact could draw conflicting inferences as to how the accident actually occurred, precluding an award of summary judgment to the third-party defendant (*see John v Klewin Bldg. Co., Inc.*, 94 AD3d at 1503-1504; *see also Delahaye v Saint Anns School*, 40 AD3d 679, 680 [2007]; *Becovic v Scoria & Diana Assoc., Inc.*, 12 AD3d 388 [2004]; *Reborchick v Broadway Mall Props., Inc.*, 10 AD3d 713 [2004]). Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur.