# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**938**

**CA 12-02306**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, AND WHALEN, JJ.

---

LEE O. SIGNS AND ROBIN A. SIGNS,
PLAINTIFFS-RESPONDENTS,

V                                          MEMORANDUM AND ORDER

DAVID D. CRAWFORD, DEFENDANT-APPELLANT,
ET AL., DEFENDANT.

---

COHEN & LOMBARDO, P.C., BUFFALO (JONATHAN D. COX OF COUNSEL), FOR
DEFENDANT-APPELLANT.

THE MISERENDINO LAW FIRM, P.C., BUFFALO (JOY ELLEN MISERENDINO OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Tracey A.
Bannister, J.), entered March 7, 2012.  The order, insofar as appealed
from, denied that part of the motion of defendant David D. Crawford
for summary judgment dismissing plaintiff's Labor Law § 240 (1) claim
and granted the cross motion of plaintiffs for partial summary
judgment pursuant to Labor Law § 240 (1).

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiffs commenced this action seeking damages for
injuries that Lee O. Signs (plaintiff) sustained at a construction
site owned by David D. Crawford (defendant) when a metal plate that
was being hoisted by a jib fell and caught plaintiff's glove, causing
him to fall from scaffolding.  Defendant appeals from an order denying
that part of his motion for summary judgment dismissing the complaint
insofar as the complaint asserts a Labor Law § 240 (1) claim and
granting the cross motion of plaintiffs for partial summary judgment
on liability on that claim.

We conclude that the court properly denied that part of
defendant's motion with respect to the Labor Law § 240 (1) claim and
properly granted plaintiffs' cross motion.  The metal plate fell and
struck plaintiff "because of the absence or inadequacy of a safety
device of the kind enumerated in Labor Law § 240 (1)" (*Karcz v Klewin
Bldg. Co., Inc.*, 85 AD3d 1649, 1651).  "Thus, 'the harm [to plaintiff]
flow[ed] directly from the application of the force of gravity' "
(*id.*, quoting *Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 604).
We reject defendant's contention that plaintiff's actions were the
sole proximate cause of the accident.  Plaintiff's actions in

attempting to prevent the metal plate from falling "raise, at most, an issue of comparative negligence, which is not an available defense under section 240 (1)" (*id*. [internal quotation marks omitted]; *see Dean v City of Utica*, 75 AD3d 1130, 1131).

Finally, we conclude that defendant's contention that the accident here was caused by a hazard unrelated to the safety device lacks merit. The work being performed by plaintiff "involved an elevation-related risk and not a usual and ordinary risk of a construction site to which the extraordinary protections of Labor Law § 240 (1) do not extend" (*Tafelski v Buffalo City Cemetery, Inc.,* 68 AD3d 1802, 1803, *lv dismissed* 14 NY3d 936 [internal quotation marks omitted]).

Entered: September 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court