Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered March 7, 2012. The order, insofar as appealed from, denied that part of the motion of defendant David D. Crawford for summary judgment dismissing plaintiffs Labor Law § 240 (1) claim and granted the cross motion of plaintiffs for partial summary judgment pursuant to Labor Law § 240 (1).
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries that Lee O. Signs (plaintiff) sustained at a construction site owned by David D. Crawford (defendant) when a metal plate that was being hoisted by a jib fell and caught plaintiffs glove, causing him to fall from scaffolding. Defendant appeals from an order denying that part of his motion for summary judgment dismissing the complaint insofar as the complaint asserts a Labor Law § 240 (1) claim and granting the cross motion of plaintiffs for partial summary judgment on liability on that claim.
We conclude that the court properly denied that part of defendant’s motion with respect to the Labor Law § 240 (1) claim and properly granted plaintiffs’ cross motion. The metal plate fell and struck plaintiff “because of the absence or inadequacy of a safety device of the kind enumerated in Labor Law § 240 (1)” (Karcz v Klewin Bldg. Co., Inc., 85 AD3d 1649, 1651 [2011]). “Thus, ‘the harm [to plaintiff] flow[ed] directly from the application of the force of gravity’ ” (id., quoting Runner v *1170 New York Stock Exch., Inc., 13 NY3d 599, 604 [2009]). We reject defendant’s contention that plaintiff’s actions were the sole proximate cause of the accident. Plaintiffs actions in attempting to prevent the metal plate from falling “raise, at most, an issue of comparative negligence, which is not an available defense under section 240 (1)” (id. [internal quotation marks omitted]; see Dean v City of Utica, 75 AD3d 1130, 1131 [2010]).
Finally, we conclude that defendant’s contention that the accident here was caused by a hazard unrelated to the safety device lacks merit. The work being performed by plaintiff “involved an elevation-related risk and not a usual and ordinary risk of a construction site to which the extraordinary protections of Labor Law § 240 (1) do not extend” (Tafelski v Buffalo City Cemetery, Inc., 68 AD3d 1802, 1803 [2009], lv dismissed 14 NY3d 936 [2010] [internal quotation marks omitted]). Present — Scudder, PJ., Centra, Lindley and Whalen, JJ.