Valdez v Turner Constr. Co. (2019 NY Slip Op 02582)





Valdez v Turner Constr. Co.


2019 NY Slip Op 02582


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-04394
 (Index No. 7024/11)

[*1]Jose Valdez, plaintiff-respondent, 
v
Turner Construction Company, et al., appellants- respondents, KJC, Inc., doing business as KJC Waterproofing, respondent-appellant, et al., defendants (and third-party actions).


Camacho Mauro Mulholland, LLP, New York, NY (Andrea Sacco Camacho of counsel), for appellants-respondents.
Gordon & Rees LLP, Harrison, NY (Allyson Avila of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Turner Construction Company and Skidmore Owings and Merrill, LLP, appeal, and the defendant KJC, Inc., doing business as KJC Waterproofing, cross-appeals, from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated February 24, 2016. The order, insofar as appealed from, denied those branches of the motion of the defendants Turner Construction Company and Skidmore Owings and Merrill, LLP, which were for summary judgment dismissing the amended complaint insofar as asserted against them and for summary judgment on their cross claims against the defendant KJC, Inc., doing business as KJC Waterproofing, for contractual indemnification, and granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against the defendants Turner Construction Company and Skidmore Owings and Merrill, LLP.
ORDERED that the cross appeal is dismissed as abandoned, without costs or disbursements; and it is further,
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendants Turner Construction Company and Skidmore Owings and Merrill, LLP, which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against the defendant Skidmore Owings and Merrill, LLP, and for summary judgment on the cross claim of the defendant Skidmore Owings and Merrill, LLP, against the defendant KJC, Inc., doing business as KJC Waterproofing, for contractual indemnification, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The defendant Skidmore Owings and Merrill, LLP (hereinafter Skidmore), was [*2]retained by property owner Dormitory Authority of the State of New York (hereinafter DASNY) to provide architectural, engineering, and construction management services for a construction project at John Jay College of Criminal Justice. Skidmore, in turn, retained the defendant Turner Construction Company (hereinafter Turner) to provide construction management services for the project. DASNY separately contracted with the defendant KJC, Inc., doing business as KJC Waterproofing (hereinafter KJC), to perform roofing work. The plaintiff was employed by Plant Fantasies, Inc., as a landscaper performing landscaping on the fifth-floor roof of the property. According to the plaintiff, on November 15, 2010, he was in the process of detaching a bag of soil that weighed at least 2,500 pounds from a crane that had hoisted the bag up to the fifth-floor roof. While the bag of soil was still attached, the crane lifted, causing the straps connecting the bag to the crane to catch the plaintiff's hand and lift him off the roof. He freed his hand from the strap and fell to the roof.
The plaintiff commenced this action against, among others, Skidmore, Turner, and KJC to recover damages for personal injuries, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). Thereafter, Turner and Skidmore moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against them and on their cross claims against KJC for contractual indemnification. The plaintiff moved, inter alia, for summary judgment on the issue of liability on the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted against Turner, Skidmore, and KJC. The Supreme Court granted those branches of the plaintiff's motion and denied those branches of the motion of Turner and Skidmore.
Initially, CPLR 5019(a) permits this Court to cure any "mistake, defect or irregularity" in an order. The order appealed from recited that the motion of Turner and Skidmore was denied, which is at odds with the Supreme Court's conclusion, set forth in the order, that there was "no basis for plaintiff's Labor Law § 200 or common-law negligence claim against Skidmore inasmuch [as] it did not have any control or authority over the means and methods" of the injury-producing work. Accordingly, we modify the applicable provision of the order to reflect the court's decision to grant that branch of the motion of Turner and Skidmore which was for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against Skidmore (see CPLR 5019[a]; Berry v Williams, 87 AD3d 958, 961).
We agree with the Supreme Court's determination to deny those branches of the motion of Turner and Skidmore which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against Turner and the Labor Law §§ 240(1) and 241(6) causes of action insofar as against them. In light of Turner's direct authority over the craning operation that brought about the plaintiff's injuries, including approving the craning-operation plans, as well as Turner's ability to intervene in and stop the operation if it observed an unsafe practice, Turner and Skidmore failed to establish their prima facie entitlement to judgment as a matter of law dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against Turner (see Poalacin v Mall Props., Inc., 155 AD3d 900, 908; Zupan v Irwin Contr., Inc., 145 AD3d 715, 717; Cruz v Cablevision Sys. Corp., 120 AD3d 744, 747-748).
Contrary to the contention of Turner and Skidmore, Skidmore was subject to liability under Labor Law §§ 240(1) and 241(6) as a contractor since it remained "responsible for coordinating and supervising the entire construction project and was invested with a concomitant power to enforce safety standards and to hire responsible contractors" (Kulaszewski v Clinton Sisposal Servs., 272 AD2d 855, 856; see Aversano v JWH Contr., LLC, 37 AD3d 745, 746; see generally Russin v Louis N. Picciano & Son, 54 NY2d 311). In addition, Turner was subject to liability under Labor Law §§ 240(1) and 241(6) as an agent of the owner DASNY since it "functioned as the eyes, ears, and voice of the owner" (Walls v Turner Constr. Co., 4 NY3d 861, 864) with respect to site safety, it had broad responsibility for ensuring site safety, and it oversaw the planning of the craning operation, specifically with regard to safety, which was subject to Turner's approval. Turner, thus, had the ability to control the activity that brought about the plaintiff's injuries (see id. at 863-864; Barrios v City of New York, 75 AD3d 517, 518-519).
Turner and Skidmore failed to demonstrate that Labor Law § 240(1) was inapplicable since their submissions demonstrated that the plaintiff's injuries "flow[ed] directly from the application of the force of gravity to the object" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 604), namely, the 2,500-pound bag of soil. Further, they did not submit evidence showing that the protections they put in place were sufficient to protect the plaintiff from the gravity-related risks of the craning operation, which warranted the denial of that branch of their motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against them (see Signs v Crawford, 109 AD3d 1169, 1169).
We agree with the denial of that branch of the motion of Turner and Skidmore which was for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against them. The plaintiff's deposition testimony that his hand became caught when the crane began to hoist and that the crane pulled him several feet off the roof while his hand was caught established that the crane hoisted, or otherwise traveled, while the plaintiff was attached to the load, in violation of 12 NYCRR 23-8.1(f)(5), and that this violation caused his injuries (see Karwowski v Grolier Club of City of N.Y., 144 AD3d 865, 867; Harkin v County of Nassau, 121 AD3d 942, 943; Locicero v Princeton Restoration, Inc., 25 AD3d 664, 667).
We agree with the Supreme Court's determination to deny that branch of the motion of Turner and Skidmore which was for summary judgment on Turner's cross claim against KJC for contractual indemnification. Their submissions failed to eliminate triable issues of fact as to whether Turner was free from negligence in the happening of the plaintiff's accident (see Ventimiglia v Thatch, Ripley & Co., LLC, 96 AD3d 1043, 1047-1048; Cava Constr. Co., Inc. v Gealtec Remodeling Corp., 58 AD3d 660, 662). However, that branch of their motion which was for summary judgment on Skidmore's cross claim against KJC for contractual indemnification should have been granted (see Fernandez v Abalene Oil Co., Inc., 91 AD3d 906, 910; Reisman v Bay Shore Union Free School Dist., 74 AD3d 772, 773-774). KJC's contract with DASNY obligated KJC to indemnify, inter alia, the owner's representative, construction manager, and servants. Skidmore's contracts and the deposition testimony of its employees demonstrated that Skidmore was given broad responsibility for architectural, engineering, and construction management services by DASNY. Even after Skidmore contracted with Turner to perform construction management services, Skidmore retained the responsibility of overseeing contractors' compliance with the design drawings and specifications and quality control on behalf of DASNY. Turner and Skidmore, therefore, established that Skidmore was the owner's representative within the meaning of KJC's contract. This evidence, along with the evidence that the plaintiff's injuries arose out of KJC's work and that Skidmore was free from negligence, demonstrated Skidmore's prima facie entitlement to contractual indemnification under KJC's contract. In opposition, KJC failed to raise a triable issue of fact.
We agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted against Turner and Skidmore. In opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law on the issue of liability on the Labor Law §§ 240(1) and 241(6) causes of action, Turner and Skidmore failed to raise a triable issue of fact. The deposition testimony of the plaintiff's coworker failed to demonstrate that Labor Law § 240(1) had not been violated or that the plaintiff failed to follow instructions that had been given to him regarding detaching the bags of soil from the crane. Turner and Skidmore, thus, failed to raise a triable issue of fact as to whether the plaintiff's actions were the sole proximate cause of the accident (see Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433-434; Tapia v Mario Genovesi & Sons, Inc., 72 AD3d 800, 802).
Since KJC's brief does not request reversal of any portion of the order from which the cross appeal was taken, the cross appeal must be dismissed as abandoned (see Matter of Landstein v Town of LaGrange, 166 AD3d 100, 107; Swift v Broadway Neon Sign Corp., 137 AD3d 893, 894).
DILLON, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court